UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY HATFIELD,
o/b/o IC, a minor,

       Plaintiff,                      CIVIL ACTION NO. 07-10381

    v.                                DISTRICT JUDGE NANCY G. EDMUNDS

COMMISSIONER OF               MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S**
**EX-PARTE MOTION TO REMAND FOR FURTHER PROCEEDINGS**

**I. Introduction**

This Social Security case comes before the court on plaintiff's ex-parte motion to remand for further proceedings or to enlarge time to file plaintiff's motion for summary judgment. In accordance with Local Rule 7.1(e)(2), the court dispensed with oral argument. For the reasons stated below, the court recommends that plaintiff's motion to remand be granted.

**II. Background**

On April 9, 2002, plaintiff applied for Supplemental Security Income (SSI). That application was denied and plaintiff did not appeal. In the case before the court, Plaintiff filed a application for SSI benefits on June 9, 2003. That application was also denied, but plaintiff

-1-

requested a hearing before an ALJ. While her request for a hearing was pending, plaintiff filed a third application for SSI on October 30, 2004.

The hearing on the second application was held on March 17, 2006, before ALJ Bennet S. Engelman. Soon after the hearing started, the following exchange occurred:

> **ALJ:** Let's see there's – oops, I just got poked. There's a – I think a couple prior files attached. So let's see, I think only – no other one went to – let's see. So the one I have before me was filed in June of '03 and then unfortunately since it took so long Ms. Hatfield filed again in '04. So basically I have a case that originally was filed in April of '02 that within the rules I have authority to decide. So in order to resolve this I'll decide all three cases. I'll decide the first case which will encompass the two subsequent claims.
>
> **Atty:** Thank you, Judge. I was going to ask you to reopen the old one because she had re-filed within that year period so –
>
> **ALJ:** Okay. It's done.
>
> **Atty:** Thank you.
>
> **ALJ:** Okay. How shall we proceed?

Following the hearing, in a decision dated April 20, 2006, the ALJ wrote that the record did not establish a basis for reopening the denial of the first application and that the first application should not be reopened. The ALJ also denied plaintiff's other applications for SSI benefits.

On June 16, 2006, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. The Council denied the request on December 28, 2006, and the ALJ's decision thus became the final determination of the Commissioner. On January 24, 2007,

plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

On June 1, 2007, plaintiff filed the motion before the court. Plaintiff argues that, because the ALJ stated that he would reopen plaintiff's first application and because the record is incomplete with regard to plaintiff's impairments, the case should be remanded for further proceedings or, in the alternative, plaintiff should be given more time to complete the record before filing a motion for summary judgment.

On June 15, 2007, defendant filed a response to plaintiff's ex-parte motion to remand for further proceedings or to enlarge time to file plaintiff's motion for summary judgment. Defendant argues that, while plaintiff relies on a brief conversation at the hearing where the ALJ apparently believed that no determination had been issued regarding the April 2002 application, the final determination of the ALJ clearly provides that the first application was not being reopened. Defendant also argues that the ALJ's decision not to reopen the prior application is not subject to judicial review in the absence of a constitutional challenge.

### III. Analysis

As a preliminary matter, there is an issue over whether the court may even review the ALJ's decision. As noted by defendant, absent a colorable constitutional claim, an ALJ's refusal to reopen a claim is not reviewable under 42 U.S.C. § 405(g). See Califano v. Sanders, 430 U.S. 99, 97 S.Ct 980 (1977); see also Parker v. Califano, 644 F.2d 1199 (6th Cir. 1981). However, in this case, the ALJ decided on the record at the hearing to reopen the first application. Then later, he refused to reopen the first application in the written decision. Given that conflict between the

ALJ's actions, the issue is whether the ALJ agreed to reopen the first application or not, and that issue is reviewable by this court.

Pursuant to 20 C.F.R. § 416.1488(a), a SSI determination or decision may be reopened for any reason within twelve months of the date of the notice of the initial determination. Within two years of the notice of the initial determination, the determination may only be reopened for good cause. 20 C.F.R. § 416.1488(b). Good cause for reopening exists where new and material evidence is furnished, a clerical error was made, or the evidence that was considered in making the determination clearly shows on its dace that an error was made. 20 C.F.R. § 416.1489(a). Good cause does not exist if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination was based. 20 C.F.R. § 416.1489(b). A determination may also be reopened at any time if it was obtained by fraud or similar fault. 20 C.F.R. § 416.1488(c).

In this case, the ALJ had the authority to reopen the prior application for any reason. Plaintiff was notified of the denial of her first application on October 11, 2002, and she filed her second application on June 9, 2003. Given that the alleged onset date in the second application was a date prior to when the first application was filed and that plaintiff, by alleging the same grounds in both applications, directly called into question the propriety of the earlier denial, the second application constituted an implied request to reopen the first application. See Boock v Shalala, 48 F.3d 348, 350 (8th Cir. 1995) (Appeals Council construed claimant's second application as an implied request to reopen the claimant's prior application); Roesch v Apfel, 17 F.Supp.2d 1080, 1087 (D. Neb. 1998) (holding that a claimant's second application for SSI

benefits, which was filed within two years of decision denying her first application and which it requested a start date for benefits that predated her first application, directly called into question the propriety of the denial of the first application and, thus, constituted an implied, timely request to reopen the first application.) Her attorney essentially stated this at the hearing. Plaintiff's second application was filed within twelve months of the date of the notice of the initial determination and, therefore, the ALJ had the authority to reopen plaintiff's first application for any reason.

The ALJ should be deemed to have reopened plaintiff's prior application. As clearly seen from the transcript of the hearing, the ALJ agreed to reopen the first application:

> **ALJ:** So in order to resolve this I'll decide all three cases. I'll decide the first case which will encompass the two subsequent claims.
>
> **Atty:** Thank you, Judge. I was going to ask you to reopen the old one because she had re-filed within that year period so –
>
> **ALJ:** Okay. It's done.

It is true that the ALJ appeared to have changed his mind and that a court generally speaks through its orders and judgments, but in this case the ALJ's first ruling should stand. The ALJ made a clear and unambiguous decision to reopen the first application and the parties relied upon that clear ruling for the rest of the hearing. The ALJ's subsequent denial made in the written decision is directly contravened by his on-the-record ruling. Lastly, plaintiff never had an opportunity to address the ALJ's subsequent denial because the denial only appeared in the ALJ's final ruling. Up until that time, the first application had been reopened. Given the above

circumstances, this court finds that the ALJ reopened plaintiff's first application and, because the ALJ never ruled on the reopened application, this case should be remanded.

Thus, it is recommended that plaintiff's motion to remand be granted, and the case remanded for further proceedings, and to decide all of plaintiff's applications for SSI benefits.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: July 6, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on July 6, 2007.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan