UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY HATFIELD,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

Case No. 07-10381

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [14]**

This matter comes before the Court on the Magistrate Judge's Report and

Recommendation, filed on July 6, 2007, which recommended granting Plaintiff Tiffany

Hatfield's motion to remand this case to the Administrative Law Judge ("ALJ") for further

consideration of a claim for Supplemental Security Income ("SSI") benefits that Plaintiff

filed on behalf of her minor son.  Defendant has not filed an objection to the Magistrate

Judge's Report and Recommendation.

The Court hereby ACCEPTS AND ADOPTS the Magistrate Judge's Report and

Recommendation, but wishes to provide a brief additional explanation for this decision.

After a review of the record in this case, it is unclear whether the ALJ properly decided

not to reopen Plaintiff's April 2002 benefit application, given that he stated on the record

at the associated hearing that he *would* reopen that particular one of Plaintiff's three

requests for benefits.[1]  This uncertainty is important in two principal ways.  First, the ALJ's verbal exchange with Plaintiff's attorney at the hearing gave no indication that the ALJ was even considering not reopening her application, thus negating any reason for Plaintiff to provide an explanation of why it was necessary to reopen that request. Secondly, and as Plaintiff argues here, her claim for benefits encompasses more than her son's asthma, which was the sole condition discussed in the ALJ's written conclusion finding that Plaintiff's son was not disabled.  Since Plaintiff also contends that her son has cognitive deficiencies that constitute a disability, and the medical evidence of that condition was only attached to her April 2002 benefit application, the failure to reopen that request is key to her claim on this additional ground.

Due to the uncertainty in the record, the Court hereby GRANTS Plaintiff's motion to remand this case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings and explanation regarding Plaintiff's request to reopen her April 9, 2002 benefit application, consistent with the Report and Recommendation and this Order.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 15, 2007

---

[1]This Court recognizes that it would not ordinarily have jurisdiction to review the final decision of an ALJ regarding whether to reopen a claim for SSI benefits. *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).  Here, however, the true question is not whether the ALJ was correct to deny Plaintiff's request to reopen her claim.  Rather, the operative inquiry is whether the procedural history contained in the record established a proper framework for reviewing Plaintiff's request to reopen her April 2002 benefit application in the first place.

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 15, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager